**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

KEVIN HILL,

    Plaintiff,

       v.

ACCOUNTS RECEIVABLE
MANAGEMENT, INC.

    Defendant.

---

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
(Unlawful Debt Collection Practices)**

---

### PLAINTIFF'S COMPLAINT

KEVIN HILL (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against ACCOUNTS RECEIVABLE MANAGEMENT, INC. (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, lawyers, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

*5.* Because Defendant maintains a business office and conducts business in the State of Colorado, personal jurisdiction is established.

*6.* Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person residing in Easton, Northampton County, Pennsylvania, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

10. Defendant is a national company with its headquarters in Colorado Springs, El Paso County, Colorado.

11. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

12. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

13. Defendant constantly and continuously places calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

14. Defendant caller placed the calls from 866-415-1669.

15. Plaintiff does not owe the debt Defendant is attempting to collect.

16. Defendant called Plaintiff and hung up when Plaintiff answered the phone.

17. Defendant failed to state that the call is from a debt collector in subsequent communications.

18. Defendant failed to send Plaintiff a debt validation letter.

## COUNT I

19. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA because Defendant engaged in harassing, oppressive, or abusive conduct the natural consequence of which is to harass, oppress or abuse when Defendant continuously and constantly calls Plaintiff seeking and demanding payment for an alleged debt.

    b. Defendant Violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass.

    c. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without

      meaningful disclosure of callers identity.
   d. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's debt because Plaintiff does not owe the money Defendant is attempting to collect.
      a. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt because Plaintiff does not owe the money Defendant is attempting to collect.
      b. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector.
      c. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.
      d. Defendant violated *§1692f(1)* of the FDCPA by attempting to collect an amount that is not authorized by the agreement or permitted by law because Plaintiff does not owe the money Defendant is attempting to collect.
      e. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.
      f. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the

        amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor

20. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "A").

WHEREFORE, Plaintiff, KEVIN HILL, respectfully requests judgment be entered against Defendant, ACCOUNTS RECEIVABLE MANAGEMENT, INC., for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,
22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,
23. Actual damages,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KEVIN HILL, demands a jury trial in this cause of action.

DATED:  July 21, 2009                              KROHN & MOSS, LTD.

By:  /s/ Nicholas Bontrager
    Nicholas J. Bontrager, Esq.
    Krohn & Moss, Ltd.
   10635 Santa Monica Blvd., Suite 170
    Los Angeles, CA 90025
    Ph: (323) 988-2400; Fx: (866) 802-0021
    nbontrager@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF PENNSYLVANIA

Plaintiff, KEVIN HILL, states as follows:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, KEVIN HILL, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: _July 10, 2009_      _____
                                    KEVIN HILL

- 6 -

VERIFIED COMPLAINT

**EXHIBIT A**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** **NO**
4. Fear of answering the door — YES **NO**
5. Embarrassment when speaking with family or friends — **YES** NO
6. Depressions (sad, anxious, or "empty" moods) — YES **NO**
7. Chest pains — YES **NO**
8. Feelings of hopelessness, pessimism — **YES** NO
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — YES **NO**
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — **YES** NO
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _Anger and Harassment, for Something I have not done._

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: _July 10, 2009_

Signed Name: _Kevin A Hill_

Printed Name: _Kevin A. Hill_